IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIGITAS VAZNELIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 cv 03329 |
| | ) | |
| HEALTH CARE SERVICE CORPORATION d/b/a | ) | **JURY DEMAND** |
| BLUE CROSS BLUE SHIELD OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Sigitas Vaznelis ("Mr. Vaznelis") moves, pursuant to Fed. R. Civ. P. 65, on an emergency basis, for a temporary restraining order enjoining Defendant Health Care Service Corporation d/b/a Blue Cross Blue Shield of Illinois, (HCSC"), from reducing or terminating his 24 hours, 7 days a week, in-home skilled nursing care, pending a preliminary injunction hearing. In support of his motion, along with his memorandum of law in support of emergency motion for temporary restraining order, Mr. Vaznelis states as follows:

### BACKGROUND

1. Plaintiff Sigitas Vaznelis suffers from advanced amyotrophic lateral sclerosis ("ALS"). He is confined to his home, is ventilator-dependent 24 hours per day, and receives all of his nutrition and medication through a feeding tube.

2. Since 2015, Mr. Vaznelis has required, and has been receiving, 24 hours, seven days a week, in-home skilled nursing care, paid for by HCSC, which administers his health insurance plan at issue in this matter.

3. HCSC has recently declined to pay for 24/7 skilled nursing care for Mr. Vaznelis, claiming that Mr. Vaznelis's care is "custodial" in nature (*i.e.*, primarily for personal comfort or convenience) and does not require skilled nursing.

4. Mr. Vaznelis has therefore brought this action, pursuant to Sections 502(1)(a)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") to enforce his rights under the health plan and to enjoin HCSC from terminating coverage for 24/7 in-home skilled nursing care.

5. On May 7, 2018, HCSC confirmed that it would reduce coverage of his 24/7 skilled nursing care to 84 hours per week, as of May 10, 2018, and provide no coverage as of July 1, 2018. Plaintiff therefore brings this motion on an emergency basis.

## REQUEST FOR TEMPORARY RESTRAINING ORDER

6. In order to obtain a preliminary injunction, the plaintiff must show three things: (1) without such relief, he will suffer irreparable harm before his claim is finally resolved; (2) he has no adequate remedy at law; and (3) he has some likelihood of success on the merits. *Harlan v. Scholz*, 866 F.3d 754, 758 (7th Cir. 2017) (citation omitted). "If the plaintiff can do that much, the court must then weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one." *Id.* (citation omitted).

**Plaintiff Will Suffer Irreparable Harm**

7. Without entry of a temporary restraining order maintaining his level of care until a preliminary injunction hearing can be held, Mr. Vaznelis will suffer irreparable harm, as he faces an increased risk of catastrophic medical emergency

8. An award of money damages cannot compensate Mr. Vaznelis for the harm he will suffer if a medical crisis occurs without a skilled nurse being present to provide assistance.

2

**Plaintiff Has A Likelihood of Success On The Merits of His Claim**

9. First, Mr. Vaznelis is likely to succeed on the merits of his claim because HCSC's decision to reduce coverage for Mr. Vaznelis' 24/7 in-home skilled nursing care, and ultimately, terminate it, was arbitrary and capricious.

10. Second, HCSC has offered no explanation or evidence to counter the conclusions of Mr. Vaznelis' treating physician, his nurse, and an External Review that his health care needs must be provided by skilled nursing.

**The Balance of Harm And Public Interest Support Entry of a TRO**

11. Finally, the balance of harm and public interest support entry of a temporary restraining order requiring that HCSC maintain the status quo and continue to provide coverage for 24/7 in-home skilled nursing care to Mr. Vaznelis pending a preliminary injunction hearing.

WHEREFORE, for the reasons set forth above and in the memorandum of law in support of emergency motion for temporary restraining order, Plaintiffs Sigitas Vaznelis respectfully requests that this Court enter a temporary restraining order requiring Defendant Health Care Service Corporation to maintain the same level of medical benefits—i.e., 24/7 in-home skilled care—to Plaintiff pending a preliminary injunction hearing in this action or until further order of the Court, and for such other relief as this Court deems proper.

Respectfully submitted,

**SIGITAS VAZNELIS**

By: /s/ *Maureen Browne Schoaf*
    Richard R. Winter
    Maureen B. Schoaf
    HOLLAND & KNIGHT LLP
    131 S. Dearborn St., 30th Fl.
    Chicago, IL 60603
    312-263-3600
    312-578-6666 (fax)
    richard.winter@hklaw.com
    maureen.schoaf@hklaw.com

    and

By: /s/ *Martina B. Sherman*
    Martina B. Sherman
    Mark D. DeBofsky
    DEBOFSKY, SHERMAN & CASCIARI P.C.
    200 W. Madison St., Suite 2670
    Chicago, IL 60606
    312-561-4040
    312-929-0309 (fax)
    msherman@debofsky.com